# United States Court of Appeals for the Federal Circuit

04-5155, -5156

CLINTWOOD ELKHORN MINING COMPANY,
GATLIFF COAL COMPANY, and PREMIER ELKHORN COAL COMPANY,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Cross-Appellant.

Paul H. Horowitz, Coudert Brothers LLP, of New York, New York, argued for plaintiffs-appellants. With him on the brief were Steven H. Becker, and Suzanne I. Offerman.

Gilbert S. Rothenberg, Attorney, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-cross appellant. With him on the brief were Eileen J. O'Connor, Assistant Attorney General; Richard T. Morrison, Deputy Assistant Attorney General; Kenneth L. Greene, Attorney; and Steven W. Parks, Attorneys.

Appealed from:    United States Court of Federal Claims

Senior Judge Robert H. Hodges, Jr.

# United States Court of Appeals for the Federal Circuit

04-5155, -5156

CLINTWOOD ELKHORN MINING COMPANY,
GATLIFF COAL COMPANY, and PREMIER ELKHORN COAL COMPANY,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Cross-Appellant.

_____

DECIDED:  January 22, 2007

_____

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

NEWMAN, Circuit Judge.

Clintwood Elkhorn Mining Co., Gatliff Coal Co., and Premier Elkhorn Coal Co. (collectively "Clintwood") appeal the decision of the United States Court of Federal Claims[1] denying interest on the repayment of the export taxes they had paid in an unconstitutional levy.  In view of statutory provisions of the tax laws as well as general damages principles,

---

1    Sub nom. Andalex Resources, Inc. v. United States, No. 00-cv-249 (Fed. Cl. July 21, 2004).

we conclude that the Court of Federal Claims erred in holding that no interest was payable on recovery of the illegally levied taxes.

The United States cross appeals, asking this court to reconsider and overturn our decision in Cyprus Amax Coal Co. v. United States, 205 F.3d 1369 (Fed. Cir. 2000), which recognized the Tucker Act jurisdiction of the Court of Federal Claims for claims directed to recovery of payment of the unconstitutional export tax. We confirm the jurisdiction of the Court of Federal Claims.

## BACKGROUND

By statute, 26 U.S.C. §4121(a)(2), effective 1978, tax was levied, *inter alia,* on exports of coal from United States mines. In Ranger Fuel Corp. v. United States, 33 F. Supp. 2d 466 (E.D. Va. 1998) this export tax was held to be unconstitutional. The United States did not appeal the Ranger Fuel decision, and the Internal Revenue Service issued a notice of acquiescence in May 2000. Thereafter various coal producers and exporters, including the plaintiffs herein, filed Tucker Act claims requesting damages in the amount of the export tax and interest. Recovery was sought for the prior six years, which is the statutory period of limitations for Tucker Act claims. In the Court of Federal Claims the government challenged recovery beyond three years, and also challenged the claim for interest on the recovered tax payments.

## I

In Cyprus Amax this court held that compensation for violation of the Export Clause is not limited to the administrative processes of the Internal Revenue Service, and that the taxpayer can sue in the Court of Federal Claims and "recover for payment of taxes under the Export Clause independent of the tax refund statute," i.e., without first filing an

administrative refund claim with the IRS. 205 F.3d at 1374. The government asks for *en banc* reversal of <u>Cyprus Amax</u>, and urges that suit cannot be brought under the Tucker Act for refund of taxes levied in violation of the Constitution. This question was fully aired at the time of <u>Cyprus Amax</u>, was decided by a unanimous panel, was denied rehearing and rehearing *en banc*, and the government's petition for writ of certiorari was denied. We discern no basis for reopening this question.

The Court of Federal Claims, applying <u>Cyprus Amax</u>, held that there was Tucker Act jurisdiction of Clintwood's refund claims. We confirm that jurisdictional ruling.

## II

A consequence of Tucker Act jurisdiction is that the statute of limitations is six years, 28 U.S.C. §2501, whereas refund claims brought administratively to the Internal Revenue Service are limited to recovery of overpayments for the preceding three years. <u>See</u> 26 U.S.C. §6511(a). Clintwood filed Tucker Act claims for the three tax years 1994 through 1996 and administrative claims for the tax years 1997 through 1999. The Court of Federal Claims acknowledged that, in view of <u>Cyprus Amax</u>, Clintwood could either proceed in court under the Tucker Act, or seek an administrative tax refund under the Tax Code. <u>Andalex Resources Inc. v. United States</u>, 54 Fed. Cl. 563 (2002). Entitlement to recovery of the export taxes paid is not at issue, and the parties have agreed as to the amount of taxes paid during 1994-1999.

However, the Court of Federal Claims held that Clintwood is not entitled to interest on the recovered export taxes for the earliest three of the six years, that is, for 1994 through 1996. The court held that since Clintwood had not filed an administrative claim for refund for those years, then interest cannot be recovered on the refund for those years.

04-5155, -5156                                          3

The government does not dispute entitlement to interest for the refund for 1997 through 1999, because an administrative claim was filed for those years.

> Interest on overpayment of any internal revenue tax is provided by statute:

> 28 U.S.C. §2411.  In any judgment of any court rendered (whether against the United States, a collector or deputy collector of internal revenue, a former collector or deputy collector, or the personal representative in case of death) for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the overpayment rate established under section 6621 of the Internal Revenue Code of 1986 upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue.

The Court of Federal Claims concluded that §2411 does not apply to the three years in which the administrative steps for refund under the Tax Code were not taken.  The government argued, and the court agreed, that administrative refund requests under 26 U.S.C. §6511 cannot be bypassed by judicial action, and that since recovery is limited to the prior three years under §6511, interest for six years cannot be paid when the refund is obtained under the Tucker Act.  Andalex Resources, 54 Fed. Cl. at 565 ("Plaintiffs have chosen to pursue their claims independently of the tax refund system, so they may not use the § 2411 waiver of sovereign immunity for interest payments.")  Thus the court denied interest for the three earliest tax years, for Clintwood did not follow the IRS administrative procedure for those years.  The court relied on Economy Plumbing & Heating Co. v. United States, 470 F.2d 585, 592 (Ct. Cl. 1972), for the statement that 28 U.S.C. §2411 applies "only to taxpayers who have overpaid their taxes, have filed a timely claim for refund, and are within the administrative system providing for the recovery of overpaid taxes and are entitled to its benefits."  However, Economy Plumbing was not a tax refund case, and the quoted statement was made only to explain that §2411 did not apply to a contract dispute

04-5155, -5156                                    4

where the contractor sought interest on a contract adjustment it had received from the government. Economy Plumbing cannot be extended to the present case.

No precedent has been cited or found to the effect that interest is barred on Tucker Act recovery except for the period during which the plaintiff could have obtained interest through an administrative procedure. Such a convoluted threshold is not imposed by §2411, which is a straightforward recognition that the government should pay for its use of a taxpayer's money to which the government was not entitled.

The legislative history of §2411 is directly relevant to this conclusion. In 1924 Congress repealed the requirement that a refund claim must be filed as a precondition to receiving interest under the predecessor of 26 U.S.C. §2411. The House Report explained that

> if the amounts in question were not legally owing to the Government, it is equitable that the Government should pay a reasonable rate of interest during the period of their retention; and the fact of protest or a claim does not affect the merits of such an interest payment.

H.Rep. No. 68-179, at 35 (1924). The Report explained that a tax overpayment is not fully remedied unless it includes interest for the time that the money was in the hands of the government. Id. There is no basis now to narrow the principle of §2411 through reimposing this long-dead administrative requirement.

The threshold requirement under §2411 is a judgment for the overpayment. Section 2411 provides for interest on "any judgment of any court" for "any overpayment in respect to any internal-revenue tax," and the term "overpayment" has been defined by the Supreme Court as including a tax "erroneously or illegally assessed or collected." Jones v. Liberty Glass Co., 332 U.S. 524 (1947). In Liberty Glass the Court discussed the term

"overpayment" and saw "no basis for making it over into a word of art."  332 U.S. at  532.

Neither law nor logic supports the government's position that no interest can be paid under

§2411 except for the period for which interest could be paid under §6511.

The judgment of the Court of Federal Claims, denying interest on the first three

years of Clintwood's Tucker Act recovery, is contrary to law and is reversed.  We remand

for the award of interest on the refunded export taxes for the entire period of recovery.

<u>REVERSED AND REMANDED</u>